(105 So. 283)

No. 25091.

MENTE & CO., Inc., v. JUDICE CO., Inc.

(June 22, 1925. Rehearing Denied July 13, 1925.)

*(Syllabus by Editorial Staff.)*

Sales ☞345—Seller, not performing contractual obligation to ship bags to buyer, held not entitled to recover price.

A seller, who did not perform his contractual obligation to ship bags to buyer during the life of the contract or even afterwards, the contract not requiring payment on or before delivery, *held* not entitled to recover the price, under Civ. Code, art. 2551, read in connection with article 2550.

Appeal from Eighteenth Judicial District Court, Parish of Lafayette; William Campbell, Judge.

Action by Mente & Co., Inc., against the Judice Company, Inc. Judgment of dismissal, and plaintiff appeals. Affirmed.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellant.

Mouton & DeBaillon, of La Fayette, and Brumby & Bauer, of Franklin, for appellee.

O'NIELL, C. J. This is a suit on a contract in which the plaintiff agreed to sell and the defendant agreed to buy 50,000 rice bags, of a stipulated size and weight, at $210 per 1,000 bags. The suit was dismissed on an exception of no cause of action, and the plaintiff has appealed.

The contract, dated the 8th of March, 1920, and annexed to and made part of the petition, stipulated that the bags were to be shipped in August and September, 1920; that shipments were to be made in approximately equal quantities monthly; that the seller had the privilege of routing all shipments; and that the seller's responsibility would cease on receiving signed bills of lading from the transportation company.

The suit is for the price of bags that were not shipped—16,500 bags at $210 per 1,000—$3,465, with interest from the 1st of October, 1920, and for 2 per cent. per annum for storage and insurance. By clerical or typographical error, the plaintiff claims $4,465, instead of $3,465, for the bags not shipped. But the error is a matter of no importance.

It is argued in the brief of the learned counsel for plaintiff, and was argued orally, that the suit is for specific performance of the contract. In a sense it is, of course, a suit for specific performance, because the plaintiff claims to be ready and willing to deliver the bags. But the only reason why plaintiff claims the price of the bags without having delivered them is that the defendant failed to give shipping instructions, in response to the plaintiff's demands for the instructions, during the life of the contract. The basis of the exception of no cause of action is that the contract did not oblige defendant to furnish shipping instructions, but obliged the plaintiff to ship the bags to the defendant, at Scott, La., by delivering them to the transportation company and receiving bills of lading.

This suit was filed on the 7th of September, 1921, which was 11 months after the bags should have been shipped, according to the contract. If the suit should prevail, the plaintiff would obtain judgment for the price of the 16,500 bags before delivering them,

or even setting them apart as the property of the defendant. Such a judgment would not be according to the terms of payment stipulated in the contract. The stipulation was:

"Terms net cash. * * * Terms subject to revision of our [Mente & Co.'s] credit department during life of contract. Payable in exchange on New Orleans, New York, Boston, Philadelphia, St. Louis, Chicago, Kansas City, or Cincinnati, and any and all exchange and collection charges are to be paid by buyer."

Accordingly, Mente & Co. should have shipped the bags, during the life of the contract, and then claimed the price.

It is alleged in the petition that, on the 29th of September, 1920, when 30,000 bags had been shipped, plaintiff wrote to defendant, "calling attention to the fact that there were still due about 20,000 bags to be shipped in September, and asking for shipping instructions on same." It is alleged that plaintiff wrote defendant another such letter on the 9th of October, 1920; that, on the 13th of October, 1920, defendant ordered 2,500 bags shipped immediately against the contract, which were shipped and paid for; that, on the 18th of October, 1920, defendant telegraphed for 1,000 bags against the contract, which were shipped and paid for, leaving 16,500 bags undelivered; that on the 3d, the 15th and the 23d of November, 1920, plaintiff again wrote defendant, asking for shipping instructions; and that, on the 24th of November, 1920, defendant wrote, declining to accept the remaining 16,500 bags. It is argued that the contract was kept in force after September, 1920, by defendant's order for 2,500 bags on the 13th of October and the order for 1,000 bags on the 18th of October, 1920. That may be true, but the fact remains that plaintiff did not ship the remaining 16,500 bags while the contract was in force, or even afterwards.

Plaintiff relies upon article 2551 of the Civil Code, viz.:

"On failure of the buyer to pay the price, the seller may compel him to do it, by offering to deliver the thing to him, if that has not been already done."

That has reference to a case where the price is payable at the time of delivery of the thing sold, or in advance. The article quoted has no application to a case like this, where the price was not payable on or before delivery of the goods. Article 2551 must be construed with reference to article 2550, which declares:

"The price ought to be paid on the day and at the place mentioned in the sale.
"If no stipulations have been made on that point, at the time of sale, the buyer must pay at the time and at the place where the delivery is to be made."

It may well be assumed—in fact, it was admitted in the argument of the case—that, when this suit was filed, 11 months after the bags should have been shipped, their market value was less than the contract price; otherwise, perhaps, there would have been no suit, which only emphasizes that the plaintiff should have shipped the remaining 16,500 bags, while the contract was in force, and before suing for the price.

The exception of no cause of action was also aimed at a stipulation in the contract that any question that might arise, not otherwise arranged for, should be settled by arbitration in New York or New Orleans, "the decision of the arbitration to be final and binding on both parties." The conclusion which we have reached makes it unnecessary to decide whether plaintiff had to offer to submit the claim to arbitration before suing on it.

The judgment is affirmed at appellant's cost.